FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/1/2022 10:34 AM
JAMIE SMITH
DISTRICT CLERK
A-210016

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES VEILLON AND MISTIE VEILLON | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | JEFFERSON COUNTY, TEXAS |
| CLEAR BLUE INSURANCE COMPANY, SYMBILITY SOLUTIONS, SWYFFT, LLC., NICK ABDALLAH, GARRETT WADE JOHNSON, AND JAVIER LEYVA | § § § § § § | \_\_\_\_\_ JUDICIAL DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, James Veillon and Mistie Veillon, (referred to herein as "**Plaintiffs**"), and files this Plaintiffs' Original Petition, complaining of Defendants Clear Blue Insurance Company ("**Clear Blue**"), Swyfft, LLC ("**Swyfft**"), Symbility Solutions Corp. ("**Symbility**"), Nick Abdalah ("**Abdallah**"), Javier Leyva ("**Leyva**"), and Garrett Wade Johnson ("**Johnson**") (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2. Plaintiffs James Veillon and Mistie Veillon are individuals residing in Jefferson County, Texas.

3. Defendant Clear Blue Insurance Company is an insurance company registered to engage in the business of insurance in Texas. This Defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218, or wherever else it may be found.

4. Defendant, Swyfft, LLC is an adjusting company registered to engage in the business of adjusting insurance claims in Texas. This Defendant may be served with process via certified mail, return receipt requested, by serving its President or any other officer at, 44 Headquarters Plaza, 4th Floor, Morristown, NJ 07960, or wherever else it may be found.

5. Defendant, Symbility Solutions Corp. is an adjusting company registered to engage in the business of adjusting insurance claims in Texas. This Defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218, or wherever else it may be found.

6. Defendant Nick Abdallah is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant resides in Texas and may be served with personal process at 11303 S. Country Club Green Dr., Tomball, Texas 77375, or wherever else he may be found.

7. Defendant Javier Leyva is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant resides in Texas and may be served with personal process at 5413 Joe Herrera, El Paso, Texas 79924, or wherever else he may be found.

8. Defendant Garrett Wade Johnson is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster. This Defendant resides in Texas and may be served with personal process at 211 Briarstone Dr., Alvarado, Texas 76009, or wherever else he may be found.

## JURISDICTION

9. The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court. Plaintiffs are seeking only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. Plaintiffs reserve the right to amend this amount as discovery continues.

10. The court has jurisdiction over Defendant Clear Blue Insurance Company because this Defendant is a Texas domestic insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

11. The court has jurisdiction over Defendant Swyfft, LLC because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

12. The court has jurisdiction over Defendant Symbility Solutions Corp. because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

13. The court has jurisdiction over Defendants Abdallah, Leyva, and Johnson because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of these Defendants' business activities in the State of Texas.

## VENUE

14. Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

15. Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by Clear Blue (referred to herein as "**Insurance Company**"). Swyfft is the managing general agent/producer for Clear Blue. Symbility is the adjusting company that was assigned to the claim. Swyfft and Symbility are referred to jointly as "**Adjusting Company**").

3

16. Plaintiffs own the insured property, which is specifically located at 2257 62nd Street, Port Arthur, Texas 77640 (hereinafter referred to as "**the Property**").

17. Insurance Company sold the Policy insuring the Property to Plaintiffs.

18. On or about October 9, 2020, Plaintiffs sustained wind and water damage to the following areas of the Property due to Hurricane Delta: Back and Master Bedrooms, Living Area and Exterior, including but not limited to, roof, breezeway, pool room and siding. Plaintiffs also sustained contents damage and incurred additional living expenses. Plaintiffs filed a claim with their Insurance Company for the damages to their home caused by Hurricane Delta.

19. Pursuant to the Policy, Plaintiffs asked that the Insurance Company pay for the damage to the Property.

20. The Insurance Company, without requiring written notice of the claim from the Plaintiffs, assigned Abdallah, Leyva, and Johnson (referred to herein as **"Adjusters"**), who were improperly trained by Insurance Company and Adjusting Company, as the adjusters to investigate Plaintiffs' claim. Adjusters, because of inadequate and improper instruction and training, failed to perform an investigation of Plaintiffs' claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

21. Swyfft handled the claim on behalf of Insurance Company.

22. The first adjuster who was assigned to the claim was Johnson. Johnson performed a physical inspection of the Property on October 19, 2020 and prepared and estimate showing that the replacement cost value of the damages to the Property was $4,359.21, which resulted in a $962.08 payment after depreciation and deductible. Johnson's estimate stated "part of the roof is peeled back like a banana peel, there are missing shingles, damage to the siding, roof was coming

4

off of the pool room, there is water inside the walls of the house." He then estimated to individually replace 26 wind damaged shingles and 97 damaged shingles from tarp nail. His estimate missed other damages and underestimated the cost to repair the damage that he did include. West, on behalf of Swyfft and/or Insurance Company, then approved this estimate as the adjuster.

23. On or about June 2, 2021, after complaints by Plaintiff, the second field adjuster, Abdallah, performed a physical inspection of the Property and prepared an estimate showing the replacement cost value of the damages to the Property was $23,553.95 plus allowed money for contents damage. This resulted in additional payment of a little over $20,000.00.

24. From November 24, 2020 through February 3, 2021, Plaintiff asked for updated on their contents damage and food loss claim from Leyva, only to be met with disagreement and then silence. Leyva was also responsible for preparing a partial denial letter for Plaintiffs' claim. Plaintiff then attempted to get answers from Love on their contents damage, only to finally receive a payment, which was $1,124.62 too low.

25. Adjusters assigned to the Claim were improperly trained by Insurance Company and Adjusting Company or otherwise neglected any such training and failed to perform a complete investigation of the claim. Adjusters conducted a substandard inspection of Plaintiffs' Property throughout the claims handling process.

26. The wind and water damages to the entire property were wholly underestimated on the estimate prepared by the Adjusters, and that underestimation of damages by the Adjusters was subsequently ratified and approved by Insurance Company and Adjusting Company.

27. Adjusters' estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

28. Adjusters' inadequate and unreasonable investigation was ratified by Insurance Company and Adjusting Company in this matter and resulted in the claim being grossly undervalued.

29. The Insurance Company's personnel failed to thoroughly review and properly oversee the work of its assigned Adjusters, ultimately approving an improper adjustment and inadequate, unfair settlement of Plaintiffs' claim.

30. This unreasonable investigation resulted in the considerable underpayment of Plaintiffs' claim.

31. Together, Defendants Insurance Company, Adjusting Company, and Adjusters set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiffs, and failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Plaintiffs.

32. The mishandling of the claim also caused a delay in Plaintiffs' ability to fully repair their Property, which has resulted in additional damages. To this date, Plaintiffs have yet to receive full payment under the Insurance Policy for the damages.

33. The Insurance Company ratified the Adjusters' inadequate methods and investigation, resulting in Plaintiffs' claims being undervalued and underpaid. Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

34. The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating

claims in accordance with applicable Texas law. In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters. Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and were likely to result in considerable underpayment and wrongful denial of insurance claims, as occurred with Plaintiffs' claim.

35. Moreover, Adjusters were aware that the Insurance Company was incentivizing them to minimize the amount of damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Adjusters accepted these terms knowing that he would likely cause his inspection and resulting claims estimate to exclude or artificially minimize the amount of related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

36. As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Insurance Company denied Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

37. Insurance Company continues to delay paying Plaintiffs for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

38. Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiffs' damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code. However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiffs for monies owed to them under the Policy. More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiffs.

39. Defendants Insurance Company, Adjusting Company, and Adjusters misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's, Adjusting Company's, and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

40. Defendants Insurance Company, Adjusting Company, and Adjusters failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. As such, Defendants Insurance Company's, Adjusting Company's, and

Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

41. Defendants Insurance Company, Adjusting Company, and Adjusters failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company, Adjusting Company, and Adjusters did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. As such, Defendants Insurance Company's, Adjusting Company's, and Adjusters' conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

42. Defendants Insurance Company, Adjusting Company, and Adjusters failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Insurance Company, Adjusting Company, and Adjusters. As such, Defendants Insurance Company's, Adjusting Company's, and Adjusters' conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

43. Defendants Insurance Company, Adjusting Company, and Adjusters refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company, Adjusting Company, and Adjusters performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. As such, Defendants Insurance Company's, Adjusting Company's, and Adjusters' conduct in this regard constitutes a

violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

44. After receiving notice of Plaintiffs' claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim and request all information reasonably necessary to investigate Plaintiffs' claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

45. Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

46. Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

47. From and after the time Plaintiffs' claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiffs in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

10

48. Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

49. Defendants' wrongful acts and omissions, as further detailed herein, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT ADJUSTERS AND ADJUSTING COMPANY

50. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 49 as if fully set forth *verbatim*.

51. Insurance Company and/or Adjusting Company assigned Adjusters to adjust the claim. Adjusters were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Adjusters and Adjusting Company failed to properly assess Plaintiffs' damages. Adjusters also omitted covered damages from their report.

52. As such, Adjusters' and Adjusting Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

53. Adjusters are individually liable for their unfair and deceptive acts, irrespective of the fact each was acting on behalf of Insurance Company, because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker,

*adjustor* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

54. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjusters' and Adjusting Company's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Adjusters' and Adjusting Company's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

55. Adjusters' and Adjusting Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

56. Adjusters and Adjusting Company failed to explain to Plaintiffs the reason for their inadequate settlement. Specifically, Adjusters failed to offer Plaintiffs adequate compensation

without any explanation as to why full payment was not being made. Furthermore, Adjusters and Adjusting Company did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Adjusters and Adjusting Company, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

57. Adjusters' and Adjusting Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

58. Adjusters and Adjusting Company did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' damages, although reported by Plaintiffs. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## CAUSES OF ACTION AGAINST
## CLEAR BLUE INSURANCE COMPANY

59. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 58 as if fully set forth *verbatim*.

60. Insurance Company is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### **BREACH OF CONTRACT**

61. Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiffs.

62. Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiffs.

### **NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
### **UNFAIR SETTLEMENT PRACTICES**

63. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

64. Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

65. Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method

of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

66. Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

67. Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

68. Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

69. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

70. Insurance Company's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

71. Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

72. Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

73. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 72 as if fully set forth *verbatim*.

74. Adjusters are agents of Insurance Company based on their act during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

75. Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusters, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

76. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 75 as if fully set forth *verbatim*.

77. Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs in their Policy.

78. Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

79. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 78 as if fully set forth *verbatim*.

80. All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

81. In support of the causes of action set forth herein, Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 80 as if fully set forth *verbatim*.

82. Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

83. As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claim in violation of the laws set forth above.

84. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

85. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs are entitled to three times their actual damages. TEX. INS. CODE §541.152.

86. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

87. For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

88. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

89. Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiffs are tendering the appropriate jury fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees.

In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

Respectfully Submitted,

**BYRD RAMSEY**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
Jason M. Byrd
State Bar No. 24036303
6280 Delaware Street, Suite C
Beaumont, Texas 77706
T: 409.202.2020
F: 409.444.2021
docket@byrdramsey.com

**ATTORNEYS FOR PLAINTIFFS**